UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES ESPARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:08-cv-748-WTL-TAB |
| | ) |
| UNITED STATES OF AMERICA and | ) |
| UNITED STATES MARSHALS SERVICE, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON USA'S MOTION TO DISMISS

This cause is before the Court on a Motion to Dismiss filed by Defendant the United States of America ("USA") (dkt. no. 11). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### *BACKGROUND*

The facts alleged in the complaint are as follow. On July 1, 2003, Plaintiff James Esparza broke both of his legs when he intentionally jumped from a balcony while fleeing from law enforcement officers. He was treated at the hospital and subsequently was indicted on federal criminal charges and taken into custody by the United States Marshals Service ("USMS"). While transporting Esparza to and from various jails and medical facilities, deputy marshals forced him to walk to and from automobiles and airplanes without the use of a wheelchair, though Esparza repeatedly told them that he was not ambulatory and was under doctor's orders not to put any weight on his right leg. Esparza's right leg had been progressively healing prior to being forced to walk on it, but as a consequence of the deputy marshals' actions his right leg deteriorated to such an extent that it had to be amputated in January 2005.

On June 6, 2008, Esparza filed a complaint against the USA and the USMS under the Federal Tort Claims Act, 28 U.S.C. § 2671 ("FTCA"), alleging that the USMS was negligent in failing to provide him a wheelchair and failed to fulfill its duty to provide him proper transportation and medical care.

## STANDARD OF REVIEW

The USA has filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the discretionary function exception applies to bar the FTCA's waiver of sovereign immunity. However, in *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008), the Seventh Circuit held that "[t]he statutory exceptions enumerated in § 2680(a)-(n) to the United States' waiver of sovereign immunity (found in §1346(b)) limit the breadth of the Government's waiver of sovereign immunity, but they do not accomplish this task by withdrawing subject-matter jurisdiction from the federal courts." Thus, the USA's motion must be treated as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Reynolds v. United States*, 549 F.3d 1108, 1112 (7th Cir. 2008); *Parrot*, 536 F.3d at 634.

In reviewing a Rule 12(b)(6) motion, the Court must determine "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Mosely v. Board of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006). Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Hecker v. Deere & Co.*, ___F.3d ___, 2009 WL 1797441 at *2 (7th Cir. June 24, 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Determining the plausibility of a claim is "a context-specific task that requires [the Court] to draw on [its] own judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. In making its assessment, the Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## DISCUSSION

The FTCA permits suits against the United States for personal injuries caused by the wrongful acts of federal employees acting within the scope of their employment under circumstances in which a private person would be liable to the plaintiff. *See* 28 U.S.C. § 1346(b)(1). Although the FTCA's waiver of sovereign immunity is broad, Congress has excepted certain claims from its purview, including "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The purpose of this discretionary function exception is to "prevent judicial second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 814 (1984).

The discretionary function exception has two requirements. First, the conduct alleged must involve "an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991); *Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *Palay v. United States*, 349 F.3d 418, 427 (7th Cir. 2003). Conduct cannot be discretionary if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because "the

employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536. Second, because the exception "protects only governmental actions and decisions based on considerations of public policy," the challenged discretionary conduct must amount to a permissible exercise of policy judgment. *Id.* at 537. The government actor's intent is of no consequence to the court's analysis, "[n]or must the actor belong to the policymaking or planning ranks of government in order for the exception to apply." *Palay*, 349 F.3d at 428. All that matters is "the nature of the actions taken and . . . whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325.

In the instant case, Esparza alleges that the USMS had a duty to provide him with adequate medical care. Encompassed within that duty was an obligation to become aware of and follow medical recommendations concerning the care, treatment, and transportation of detainees such as Esparza who were under medical care. Esparza alleges that the USMS did not fulfill its duty to provide adequate medical care when the deputy marshals negligently failed to provide him a wheelchair during transportation and forced him to walk, even though they allegedly knew or should have known that he was under medical orders not to put any weight on his right leg and that to do so could result in permanent damage.

The USA argues that it is protected from suit in this case under the discretionary function exception to the FTCA because the manner in which the USMS arranged for the safekeeping and transportation of Esparza was a protected discretionary activity under 18 U.S.C. § 4086, which states: "United States marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." The USA argues that 18 U.S.C. § 4086 implicitly confers discretion on the USMS to make decisions

4

regarding the safekeeping of detainees and that those decisions are subject to the policy considerations of efficiency, safety, and security.

In considering the USA's argument, the Seventh Circuit's treatment of an analogous motion to dismiss in *Palay* is instructive. In that case, the plaintiff had filed suit against the United States for injuries sustained from a violent prison attack and had asserted that prison officials had been negligent in assigning him, a pretrial detainee, to a holdover unit housing convicted prisoners and members of known rival gangs. *See Palay*, 349 F.3d at 421. The United States argued that the federal prison's decision to transfer the plaintiff from a pretrial unit to a holdover unit housing convicted inmates reflected an exercise of discretion grounded in policy considerations. *Id.* at 428. It supported its assertion by pointing to 18 U.S.C. § 4042, a statute that commits to the discretion of the Bureau of Prisons the safekeeping and care of federal inmates, and to a previous Seventh Circuit decision, *Calderon v. United States*, 123 F.3d 947 (7th Cir. 1997), in which the plaintiff filed suit after first being threatened and later attacked by a fellow inmate. *Palay*, 349 F.3d at 428. The United States principally relied on *Calderon* because the *Calderon* court found that the prison's decision not to discipline the source of the threats against the plaintiff prior to the attack was a discretionary act since "[§ 4042] sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates." *Calderon*, 123 F.3d at 950.

However, the *Palay* court distinguished *Calderon*, citing with approval the Second Circuit's decision in *Coulthurst v. United States*, 214 F.3d 106 (2nd Cir. 2000). In *Coulthurst*, a prisoner filed suit after he was injured when a cable on a weightlifting machine he was using in the prison gymnasium snapped. The Second Circuit recognized that there were potentially two types of negligence that had contributed to the failure of the equipment: negligence in the design


of an inspection program for the equipment and negligence in the actual inspection of the equipment. *Coulthurst,* 214 F.3d at 109. The *Coulthurst* court assumed that the first type of negligence was covered by the discretionary function exception, as it likely involved elements of judgment and choice, but thought that an inspector's failure to carry out an inspection program with appropriate care was altogether different. *Id.* Thus, drawing from the reasoning in *Coulthurst*, the Seventh Circuit in *Palay* similarly determined that § 4042 left room for discretion on a macro level, but that the plaintiff could still demonstrate that policies were in place in the prison on a micro level that curtailed the ability of prison officials to make certain judgments or choices. *Palay*, 349 F.3d at 432.

Similarly, because conduct cannot be discretionary if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," *Berkovitz*, 486 U.S. at 536, the Court here declines to dismiss. While it would have been preferable for Esparza to have pled the existence of a specific USMS policy requiring deputy marshals to exercise due care when transporting detainees, common sense suggests that it is more than plausible that such a policy exists. Thus, while the USA's assertions concerning 18 U.S.C. § 4086 may be correct, the Court finds that Esparza is entitled to proceed on his complaint since—taking the facts alleged by Esparza as true—it is entirely plausible that Esparza's injuries were not the result of permissible discretionary judgments, but rather the result of the failure to comply with a non-discretionary duty.

Finally, as a housekeeping matter, the Court notes, but declines to consider, the evidence accompanying the USA's motion to dismiss. While it would be proper for the Court to consider the evidence to determine whether subject-matter jurisdiction exists pursuant to Rule 12(b)(1), it is improper to do so in ruling on a Rule 12(b)(6) motion without converting the motion to a

summary judgment motion.  *See, e.g., Woods v. City of Chicago*, 234 F.3d 979, 986 (7th Cir. 2000).  Because the evidence would not sustain the USA's argument and, indeed, appears to support Esparza's contention that the deputy marshals had a non-discretionary duty to transport him "in accordance with [his] medical needs, and in a safe and secure manner," the Court declines to convert the USA's motion to dismiss to a summary judgment motion.

### *CONCLUSION*

For the reasons set forth above, the USA's Motion to Dismiss is **DENIED**.

SO ORDERED:   07/10/2009

                                      Hon. William T. Lawrence, Judge
                                      United States District Court
                                      Southern District of Indiana

Copies to:

| | |
|---|---|
| Michael J. Donahoe | Margaret A. Schutte |
| EPSTEIN COHEN DONAHOE & MENDES | Office of the United States Attorney |
| donahoem@aol.com | margaret.schutte@usdoj.gov |